```
                        United States Bankruptcy Court
                        Eastern District of Pennsylvania
In re:                                                      Case No. 16-11186-amc
    Russell W. Flade                                        Chapter 13
    Donna E. Flade
              Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2             Date Rcvd: May 10, 2019
                              Form ID: 3180W           Total Noticed: 16


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 12, 2019.
db/jdb         +Russell W. Flade,    Donna E. Flade,    2016 Tulip Street,    Philadelphia, PA 19125-1912

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov May 11 2019 02:12:10       City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 11 2019 02:11:41
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 11 2019 02:11:56       U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13761602        EDI: BANKAMER.COM May 11 2019 06:08:00       BANK OF AMERICA, N.A.,    Bank of America,
                 P.O. Box 31785,    Tampa, FL 33631-3785
13706652        EDI: CAPITALONE.COM May 11 2019 06:08:00       Capital One Bank (USA), N.A.,    PO Box 71083,
                 Charlotte, NC 28272-1083
13706653        EDI: CAPITALONE.COM May 11 2019 06:08:00       Capital One, N.A.,    PO Box 71083,
                 Charlotte, NC 28272-1083
13759933       +E-mail/Text: bncmail@w-legal.com May 11 2019 02:11:50       Comenity Capital Bank,
                 C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,     SEATTLE, WA 98121-3132
13725425        EDI: MERRICKBANK.COM May 11 2019 06:08:00       MERRICK BANK,    Resurgent Capital Services,
                 PO Box 10368,    Greenville, SC 29603-0368
13721864       +EDI: MID8.COM May 11 2019 06:08:00       MIDLAND FUNDING LLC,    PO BOX 2011,
                 WARREN, MI 48090-2011
13762170        EDI: PRA.COM May 11 2019 06:08:00       Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13734939        EDI: Q3G.COM May 11 2019 06:08:00       Quantum3 Group LLC as agent for,    Comenity Bank,
                 PO Box 788,    Kirkland, WA 98083-0788
13754861        EDI: Q3G.COM May 11 2019 06:08:00       Quantum3 Group LLC as agent for,    MOMA Funding LLC,
                 PO Box 788,    Kirkland, WA 98083-0788
14265374       +E-mail/Text: bncmail@w-legal.com May 11 2019 02:11:50       SYNCHRONY BANK,
                 C/O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,     SEATTLE, WA 98121-3132
13759396       +E-mail/Text: bncmail@w-legal.com May 11 2019 02:11:50       TD Bank USA, N.A.,
                 C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,     SEATTLE, WA 98121-3132
13735296        EDI: ECAST.COM May 11 2019 06:08:00       eCAST Settlement Corporation,    PO Box 29262,
                 New York NY 10087-9262
                                                                                              TOTAL: 15

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14265377*      +SYNCHRONY BANK,    C/O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                 SEATTLE, WA 98121-3132
                                                                                            TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 12, 2019                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 9, 2019 at the address(es) listed below:
              DAVID M. OFFEN    on behalf of Joint Debtor Donna E. Flade dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              DAVID M. OFFEN    on behalf of Debtor Russell W. Flade dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor   BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor   BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: May 10, 2019
                              Form ID: 3180W           Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
        THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
         philaecf@gmail.com
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
        TOTAL: 8

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Russell W. Flade** | Social Security number or ITIN   **xxx–xx–6769** |
|  | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Donna E. Flade** | Social Security number or ITIN   **xxx–xx–3423** |
|  | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **16–11186–amc** | | |

# Order of Discharge                                                                            12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Russell W. Flade                          Donna E. Flade

    <u>5/9/19</u>                            **By the court:**    <u>Ashely M. Chan</u>
                                                            United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

                        **For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**